B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS LYNNETTE SOCORRO BATISTA SANCHEZ | DEFENDANTS STATEBRIDGE COMPANY, LLC.; SUNTRUST MORTGA; UNITED GUARANTY; ZIANI AT LA VIÑA HOA |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) THE BATISTA LAW GROUP, PSC 421 AVE. LUIS MUNOZ RIVERA, OFICINA 901 SAN JUAN, PR  00918 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only) X Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☐ Trustee | PARTY (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin X Creditor   ☐ Other ☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
VALUATION OF COLLATERAL AND CRAMDOWN

## NATURE OF SUIT

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐X 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,

actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72 Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**F RBP 7001(9) Declaratory Judgment**
☐X 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐

01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court
if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>LINNETTE SOCORRO BATISTA SANCHEZ | BANKRUPTCY CASE NO.<br>13-07998 | |
| DISTRICT IN WHICH CASE IS PENDING<br>PUERTO RICO | DIVISION OFFICE<br>PR | NAME OF JUDGE<br>BKT |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| LYNNETTE SOCORRO BATISTA SANCHEZ | DEFENDANT<br>STATEBRIDGE COMPANY, LLC.;<br>SUNTRUST MORTGA; UNITED<br>GUARANTY; | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>PUERTO RICO | DIVISION OFFICE<br>BK | NAME OF JUDGE<br>BKT |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>NOVEMBER 6, 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>JESUS E. BATISTA SANCHEZ | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | Case No. 13-07998 |
| | ) | |
| LYNNETE SOCORRO BATISTA SANCHEZ | ) | |
| | ) | |
| | ) | Chapter 13 |
| Debtor | ) | |
| | ) | |
| | ) | |
| LYNNETTE SOCORRO BATISTA SANCHEZ | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. Pro No |
| | ) | |
| STATEBRIDGE COMPAY, LLC.; | ) | |
| SUNTRUST MORTGAGE, INC.; | ) | |
| UNITED GUARANTY; | ) | |
| ZIANI AT LA VIÑA JOA | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## COMPLAINT TO VALUE COLLATERAL AND DETERMINE SECURED STATUS OF CREDITOR

**TO THE HONORABLE COURT**:

The Debtors/Plaintiffs, **LYNNETTE SOCORRO BATISTA SANCHEZ** (hereinafter, **"PLAINTIFF"**), hereby file this Complaint against **STATEBRIDGE COMPANY, LLC** (hereinafter, **"DEFENDANT STATEBRIDGE"**); **SUNTRUST MORTGAGE** (hereinafter, **"DEFENDANT SUNTRUST"**); **UNITED GUARANTY** (hereinafter, **"DEFENDANT UNITED"**) and **ZIANI AT LA VIÑA HOME OWNERS ASSOCIATION** (hereinafter, **"DEFENDANT ZIANI HOA"**) to Value Collateral and Determine Secured Status of Creditors and further alleges as follows:

## INTRODUCTION

1.     Section 506 (a) (1) of the Bankruptcy Code provides that a creditor's claim secured by a lien is a secured claim to the extent of the value of such collateral. Additionally, Section 1322(b)(2) states that Debtor's Chapter 13 Plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property. DEFENDANTS are claimants in Debtor's underlying Chapter 13 Case, whose claims may be secured by property that is not ONLY Debtor's property. Accordingly, this Adversary Proceeding under Rule 7001-2 of the Bankruptcy Rules of Procedure seeks to determine the value of collateral that secures DEFENDANT's claim. Additionally, this Adversary Proceeding seeks to determine the secured and unsecured portions of DEFENDANTS claims.

## JURISDICTION AND VENUE

2.     Jurisdiction is conferred upon this Court pursuant to the provisions 28 U.S.C. §§ 157 (a)(b)(1) and 1334 in as much as this proceeding arises in and is related to the above captioned Chapter 13 case and concerns property of the Debtor. This is a core proceeding.

3.     Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. §§ 1408 and 1409, in that the underlying Chapter 13 Case is pending before this Court, to wit: *In re: Lynette Socorro Batista Sanchez, 13-07998BKT*.

## PARTIES

4.     The PLAINTIFF is the Debtor in the Chapter 13 Case.

5.     DEFENDANT STATEBRIDGE is a corporation duly organized under the laws of the State of Washington, with legal standing to sue and be sued.

6.     DEFENDANT SUNTRUST is a corporation duly organized under the laws of the State of Florida, with legal standing to sue and be sued.

## FACTS

7.     DEFENDANT UNITED is a corporation duly organized under the laws of the State of North Carolina, with legal standing to sue and be sued.

8.     DEFENDANT ZIONI is a corporation duly organized under the laws of the State of Florida, with legal standing to sue and be sued.

9.     On September 27, 2013, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, Case Number 13-07998 (the "Chapter 13 Case").

10.    Debtors owns a fee simple interest to certain real property situated at 9977 Oak Quarry Drive, Orlando, FL, 32832 (hereinafter, the "Property").

11.    Upon information and belief, Debtors' interest to the Property is subject to a Mortgage lien of DEFENDANT STATEBRIDGE, DEFENDANT SUNTRUST, DEFENDANT UNITED and a statutory claim of lien by DEFENDANT ZIANI.

12.    That upon information and belief, DEFENDANT STATEBRIDGE will file a secured claim in this case in excess of $1.00 (the "Statebridge Claim").

13.    That upon information and belief DEFENDANT SUNTRUST will file a secured claim in this case in excess of $494,645.00 (the "Suntrust Claim").

14.    That upon information and belief DEFENDANT UNITED will file a secured claim in this case in excess of $193,384.45 (the "United Claim").

15.    That upon information and belief DEFENDANT ZIANI will file a secure clam in this case in excess of $7,000.00 (the "HOA CLAIM")

16.    That the Statebridge Claim, Suntrust Claim, United Claim and HOA Claim are secured by, amongst others: (a) the Property.

17.    That at the time of the filing of this case, the value of Debtor's Interest in the Property was $251,000.00.

18.     That at the time of the filing of this case, the Property DID NOT constitute Debtor's principal Residence.

19.     That pursuant to the value of Debtor's Interest in the Property the Suntrust Claim against the estate, is partially unsecured.

20.     That pursuant to the value of Debtor's interest in the Property and the amount of Suntrust Claim, the Statebridge Claim, United Claim and the HOA claim against the Property are wholly unsecured.

21.     That the purpose of this Adversary Proceeding is to Value Collateral and Determine the Secured Status of Creditors is to: a. value Debtor's Interest in the Property; b. pursuant to 11 U.S.C. § 506 have the Court enter an Order fixing the value of Debtor's Interest in the Property as of the Petition Date, c.to have the Court enter an Order determining that any timely filed Proof of Claim by DEFENDANT SUNTRUST is partially unsecure and d. to have the Court enter an Order determining that any timely filed Proof of Claim by DEFENDANT STATEBRIDGE, DEFENDANT UNITED and DEFENDANT ZIANI are wholly unsecured.

COUNT I

VALUATION AND CRAMDOWN PURSUANT TO § 506(a) & 1322(b)(2) WITH RESPECT TO THE PROPERTY

22.     The allegations in paragraph 1-16 above are re-alleged and incorporated herein by this reference.

23.     That as of the Petition Date Debtor owns interest over the property.

24.     That as of the Petition Date, the Property, in its totality, had a just market value of $251,000.00. **See County Appraisal Attached Hereto as Exhibit A.**

25.     That Debtor's ownership right over the Property totals $251,000.00.

26.     That DEFENDANT SUNTRUST may allege a Senior Mortgage claim in the amount of $494,645.00

27.     That DEFENDANT STATEBRIDGE may allege a Junior claim in the amount of $1.00.

28.     That DEFENDANT UNITED may allege a Junior claim in the amount of $193,384.45.

29.     That DEFENDANT ZIANI may allege a Junior claim in the amount of $7,000.00

30.     That at the time of the filing of this case, the Property was not Debtor's Principal Residence.

31.     That pursuant to 11 U.S.C.§ 506(a), DEFENDANT's SUNTRUST Mortgage claim, if any, is partially unsecured.

32.     That pursuant to 11 U.S.C. §506(a), DEFENDANT's STATEBRIDGE claim, if any, is wholly unsecured.

33.     That pursuant to 11 U.S.C. § 506(a), DEFENDANT's UNITED claim, if any, is wholly unsecured

34.     That pursuant to 11 U.S.C. § 506(a), DEFENDANT's ZIANI claim, if any, is wholly unsecured.

35.     That pursuant to 11 U.S.C. § 1322(d)(2), DEFENDANTS are claimants in Debtor's underlying Chapter 13 Case, whose claims are secured by property that is not **ONLY** Debtor's Principal residence.

36.     That the allowed Mortgage claim of DEFENDANT SUNTRUST, if any, should be $251,000.00 in as much as it is partially unsecured.

37.     That the allowed Secured claim of DEFENDANT STATEBRIDGE should be $0.00 in as much as it is wholly unsecured.

38.     That the allowed Secured claim of DEFENDANT UNITED should be $0.00 in as much as it is wholly unsecured.

39.     That the allowed Secured claim of DEFENDANT ZIANI should be $0.00 in as much as it is wholly unsecured.

40.     That DEFENDANT's SUNTRUST allowed general unsecured claim, if any, should be $243,645.00 or any other amount set forth in any timely filed and properly documented claim.

41.     That DEFENDANT'S STATEBRIDGE wholly unsecured claim, if any, should be 1.00 or any other amount set forth in any timely filed and properly documented claim.

42.     That DEFENDANT'S UNITED wholly unsecured claim, if any, should be $193,384.45 or any other amount set forth in any timely filed and properly documented claim.

43.     That DEFENDANT'S ZIANI wholly unsecured claim, if any, should be $7,000.00 or any other amount set forth in any timely filed and properly documented claim

**WHEREFORE**, Plaintiff, respectfully request this Honorable Court enter an Order as follows:

a) Determining the value of Debtor's Interest in the Property to be $251,000.00;

b) Determining that the Allowed Secured Claim, if any, of DEFENDANT SUNTRUST as to the Property is $251,000.00;

c) Determining that the Allowed Secured Claim, if any, of DEFENDANT STATEBRIDGE as to the Property is $0.00.

d) Determining that the Allowed Secured Claim, if any, of DEFENDANT UNITED as to the Property is $0.00.

e) Determining that the Allowed Secured Claim, if any, of DEFENDANT ZIANI as to the Property is $0.00.

f) Determining that the Allowed General Unsecured Claim, if any, of DEFENDANT SUNTRUST should be any amount IN EXCESS OF $251,000.00 set forth in any timely filed and properly documented Proof of Claim;

g) Determining that the Allowed General Unsecured Claim, if any, of DEFENDANT STATEBRIDGE should be $1.00 or any other amount set forth in any timely filed and properly documented Proof of Claim;

h) Determining that the Allowed General Unsecured Claim, if any, of DEFENDANT UNITED should be $193,384.45 or any other amount set forth in any timely filed and properly documented Proof of Claim;

i) Determining that the Allowed General Unsecured Claim, if any, of DEFENDANT ZIANI should be $7,000.00 or any other amount set forth in any timely filed and properly documented Proof of Claim;

j) Determining that DEFENDANT SUNTRUST, DEFENDANT STATEBRIDGE, DEFENDANT UNITED and DEFENDANT ZIANI claims, liens, mortgages, encumbrances and/or any other claims against the Property, whether recorded, registered, or perfected that encumbers the Property will be discharged upon the successful completion of this Chapter 13 Plan.

k) Granting any such further relief that this Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico this 6th day of November, 2013.

/s/ Jesus E. Batista Sanchez
JESUS E. BATISTA SANCHEZ
USDC. NO. 227014
**THE BATISTA LAW GROUP, PSC**
CONDOMINIO MID TOWN CENTER
421 Ave. Munoz Rivera, Suite #901
San Juan, P.R. 00918
Telephone: (787) 620-2856
Facsimile: (787) 777-1589
E-mail: jesus.batista@batistalawgroup.com

**EXHIBIT A**

Home    Search    Feedback

Like {3.2k}

| 🔍 Searches | § Sales Search | 📊 Results | 📋 Property Record Card | ⚑ My Favorites |

Sign up for e-Notify...



## 9977 Oak Quarry Dr  < 06-24-31-4105-01-610 >

Name(s)
Martinez Jesus R
Batista Lynnette
Mailing Address On File
9977 Oak Quarry Dr
Orlando, FL 32832-5647
Incorrect Mailing Address?

Physical Street Address
9977 Oak Quarry Dr
Postal City and Zipcode
Orlando, Fl 32832
Property Use
0101 - Single Family
Municipality
Orlando

312406410501610  02/14/2006

| Values, Exemptions and Taxes | Property Features | Sales Analysis | Location Info | Market Stats |

⇗ Update Information

### Historical Value and Tax Benefits

2014 Tax Breakdown

| Tax Year Values | | Land | | Building(s) | | Feature(s) | | Market Value | Assessed Value |
|---|---|---|---|---|---|---|---|---|---|
| 2014 | ☑ W BKT | $32,000 | + | $219,428 | + | $0 = | $251,428 | (-1.3%) | $251,428 (-1.3%) |
| 2013 | ☑ BKT | $32,000 | + | $222,613 | + | $0 = | $254,613 | (-62%) | $254,613 (-62%) |
| 2012 | ☑ BKT | $38,000 | + | $218,200 | + | $0 = | $256,200 | (-1.6%) | $256,200 (-3.0%) |
| 2011 | ☑ BKT | $40,000 | + | $224,099 | + | $0 = | $264,099 | (-26%) | $264,099 (-26%) |
| 2010 | ☑ BKT | $32,400 | + | $323,953 | + | $0 = | $356,353 | | $356,353 |

2% School 27%
29%
23% School 17%

### 2014 Taxable Value and Estimate of Proposed Taxes

**TAX YEAR | 2014 • 2013 • 2012 • 2011 • 2010**

| Taxing Authority | Assd Value | Exemption | Tax Value | Millage Rate | | Taxes |
|---|---|---|---|---|---|---|
| Lake Nona | $251,428 | $0 | $251,428 | 0.0000 | | $0.00  0 % |
| Public Schools: By State Law (Rle) | $251,428 | $0 | $251,428 | 5.1140 | (0.0%) | $1,285.80  27 % |
| Public Schools: By Local Board | $251,428 | $0 | $251,428 | 3.2480 | (0.0%) | $816.64  17 % |
| Orange County (General) | $251,428 | $0 | $251,428 | 4.4347 | (0.0%) | $1,115.01  23 % |
| City Of Orlando | $251,428 | $0 | $251,428 | 5.6500 | (0.0%) | $1,420.57  29 % |
| Library - Operating Budget | $251,428 | $0 | $251,428 | 0.3748 | (0.0%) | $94.24  2 % |
| South Florida Water Management District | $251,428 | $0 | $251,428 | 0.1685 | (0.0%) | $42.37  1 % |
| South Florida Wmd Okeechobee Basin | $251,428 | $0 | $251,428 | 0.1838 | (0.0%) | $46.21  1 % |
| South Florida Wmd Everglades Const | $251,428 | $0 | $251,428 | 0.0587 | (0.0%) | $14.76  0 % |
| | | | | 19.2325 | | $4,835.60 |

### 2014 Non-Ad Valorem Assessments

| Levying Authority | Assessment Description | Units | Rate | Assessment |
|---|---|---|---|---|
| CITY OF ORLANDO | ORLANDO STORM - DRAINAGE - (407)246-2370 | 137.85 | $1.00 | $137.85 |
| NARCOOSSEE CDD | NARCOOSSEE CDD - COMMUNITY DEVELOPMENT - (407)841-5524 | 1039.28 | $1.00 | $1,039.28 |
| | | | | $1,177.13 |

**2014 Estimated Gross Tax Total:  $6,012.73**

**2014 Tax Savings**

Your property taxes without exemptions would be:         $4,835.60
Your ad-valorem property tax with exemptions is:     –   $4,835.60
**Providing You A Savings Of:**                          =   $0.00

This Data Printed on 11/06/2013 and System Data Last Refreshed on 11/05/2013

Site Notice • About Us • Contact Us • OCPAFL Home • Property Search
Orange County Property Appraiser • 200 S. Orange Avenue, Suite 1700 • Orlando, FL 32801
Office Hours: 8:00 a.m. to 5:00 p.m. Monday - Friday • Phone: 407.836.5044
Copyright © 2010 Orange County Property Appraiser. All rights reserved.